**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2011

Lyle W. Cayce
Clerk

No. 10-40881
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAVIER MARTINEZ-SOSA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-193-1

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Javier Martinez-Sosa appeals his jury-trial conviction for one count, each, of: possession, with intent to distribute, more than 100 kilograms of marijuana; and conspiracy to possess, with intent to distribute, more than 100 kilograms of marijuana. Martinez contends there was insufficient evidence to sustain a conviction for both counts.

Martinez moved for a judgment of acquittal at the close of the Government's case-in-chief, but failed to renew that motion at the close of all

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence. Therefore, we review for a "manifest miscarriage of justice", *i.e.*, whether the record is devoid of evidence of guilt or whether the evidence on an offense's key element is so tenuous that a conviction would shock the conscience. *United States v. Miller*, 576 F.3d 528, 529-30 & n.2 (5th Cir.) (citations omitted), *cert. denied*, 130 S. Ct. 652 (2009); *United States v. Rodriguez-Martinez*, 480 F.3d 303, 307 (5th Cir. 2007). Martinez fails to show such manifest miscarriage of justice for each conviction.

For the possession conviction, Martinez contends the evidence was insufficient for the jury to conclude that he knew the bundles he threw over the border fence between the United States and Mexico contained marijuana. This contention, however, is belied by the record. At trial, Martinez testified that he recognized the bundles as ones that contained marijuana. There was additional testimony that the bundles: were hidden before they were thrown over the fence; were approximately 60-70 pounds; were wrapped alike; had carrying straps; and smelled like marijuana.

For the conspiracy conviction, Martinez' concerted actions with other members of the conspiracy rose to more than mere association or presence in an unsavory atmosphere. *See United States v. Garcia Abrego*, 141 F.3d 142, 155 (5th Cir. 1998). The evidence showed that Martinez: joined the group carrying the bundles; waited with the group for approximately 20-30 minutes; walked with them as they carried the bundles and a ladder; helped form a human chain enabling them to move the bundles across the border fence; and had markings on his shoulders indicating he carried a bundle. Thus, his active participation in moving with the group and/or carrying the bundles suggests he was more than an innocent bystander. Moreover, the marijuana's high value indicates Martinez was not an unwitting participant, because "a prudent smuggler is not likely to suffer the presence of unaffiliated bystanders" with so much at stake. *United States v. Cruz-Valdez*, 773 F.2d 1541, 1547 (11th Cir. 1985); *see also United States v. Martinez-Moncivais*, 14 F.3d 1030, 1035 (5th Cir. 1994) (jury

could conclude smuggler would not entrust unknowing driver with millions of dollars in drugs). Furthermore, the court specifically instructed jurors that they were not to convict Martinez based solely on his presence at the scene.

AFFIRMED.